United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL D. ORTIZ,<br><br>              Plaintiff,<br><br>   v.<br><br>MATTHEW L. CATE; GREG LEWIS; BRADBURY; K. CRUISE; G. KELLY; D. SHORT; GALINDO; J. RESEL; HOLDEN; CUSKEY; S SPEHLING,<br><br>              Defendants<br>_____/ | No. C 12-2602 WHA (PR)<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT; ON PENDING MOTIONS**<br><br><br><br><br><br>(Docket Nos. 5, 8, 9, 12, 14, 15, 16, 20) |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. 1983. He has filed a motion for leave to amend his complaint. He has not included with that motion a proposed amended complaint, however. Rather, he has described changes he wants made to his amended complaint. This will not do. He may not file piecemeal complaints and amendments that each contain a portion of his claims and defendants. If he wants to amend his complaint, he must file a new amended complaint that contains all of the claims, allegations and defendants that he wants included in this action in a single document. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff's motion for leave to file an amended complaint (dkt. 15) is **GRANTED** subject to the following conditions:

Plaintiff must file an amended complaint within **28 days** from the date this order is filed.

The amended complaint must include the caption and civil case number used in this order (No. C 12-2602 WHA (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file amend within the designated time and in accordance with this order will result in this case proceeding on the basis of the original complaint and plaintiff forfeiting any further opportunity to amend his complaint. If plaintiff needs an extension of this deadline, he must file a request for such extension accompanied by a showing of good cause, and the request must be filed before the amended complaint is due.

Plaintiff has also filed motions for a preliminary injunction or a temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Plaintiff has neither notified the defendants of his request nor submitted the required certification of his efforts to do so and why they have failed. Accordingly, his motions (dkt. 5, 9) are **DENIED**. In light of this ruling, Plaintiff's motion for an extension of time to file a reply brief regarding his motions for immediate injunctive relief (dkt. 16) is **DENIED**

Plaintiff's motion for a jury (dkt. 12) is **GRANTED** insofar as if a trial becomes necessary, he may conduct the trial in front of a jury. Plaintiff's motion for appointment of counsel (dkt. 8) is **DENIED;** plaintiff has shown that he is able to adequately present his claims and there are no extraordinary circumstances warranting the need to request pro bono counsel represent plaintiff. Plaintiff's motion for referral to prisoner settlement proceedings (dkt. 20) is

1  **DENIED** as premature.  Such a referral will be considered sua sponte following the filing of an
2  amended complaint, and service of process upon defendants.
3       Plaintiff has filed a request for production of documents (dkt. 14).  The request is
4  **DENIED**.  Discovery requests must be served upon the defendants from whom plaintiff seeks
5  discovery.  They may not be filed in the court.
6       IT IS SO ORDERED.
7  Dated: October    1   , 2012.
8                                                   WILLIAM ALSUP
                                                    UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\ORTIZ2602.LTA.wpd

United States District Court
For the Northern District of California