UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMAL DANWELL ORTIZ,

    Plaintiff,

    v.

GREG LEWIS, et al.,

    Defendants.

Case No. 12-cv-02602-JD

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 60

Plaintiff, a state prisoner proceeding pro se, has brought a civil rights action under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss citing failure to state a claim and qualified immunity.[1] Plaintiff has not filed an opposition or otherwise communicated with the Court. The Court has nevertheless reviewed the merits of the motion and grants it.

## I. BACKGROUND

Plaintiff was diagnosed with exhibitionism and objected to the measures taken by prison officials to address his behavior and safeguard staff and other inmates. In response to plaintiff being found guilty of indecent exposure on several occasions, prison officials placed yellow placards on his cell door and window and required him to wear a special jumpsuit, made from a no-tear cloth and with a lock on it, when outside his cell. Plaintiff alleges that these measures violated his rights to privacy, equal protection, due process, and freedom from retaliation.

---

[1] Defendants also argued that the claims were barred because plaintiff failed to exhaust his administrative remedies; however, the Court will not address that argument in light of *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id*. at 558-59, 574. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citation omitted).

The Court may consider exhibits attached to the complaint, *see Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), as well as documents referenced extensively in the complaint and documents that form the basis of a plaintiff's claims. *See No. 84 Employer-Teamster Join. Council Pension Trust. Fund v. America West Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003).

## III. DISCUSSION

### A. Right to Privacy

While individuals have a constitutionally protected right not to have their personal medical information disclosed, *Whalen v. Roe*, 429 U.S. 589, 599 (1977), the right is a conditional one "'which may be infringed upon a showing of proper governmental interest.'" *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004) (quoting *Planned Parenthood of Southern*

2

*Arizona v. Lawall*, 307F.3d 783, 790 (9th Cir. 2002)).  Prisoners do not have a constitutionally protected expectation of privacy in correctional mental health treatment records when the state has a legitimate penological interest in access to them.  *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010).

Plaintiff alleges that requiring him to wear a specific jumpsuit and placing special placards on his cell informed other inmates and staff of plaintiff's mental health diagnosis and violated his constitutional right to privacy.  However, plaintiff has failed to state a claim based on the allegations of the complaint because defendants had a legitimate penological interest in taking the precautions.  Plaintiff includes in the complaint several inmate appeals regarding these same issues.  Prison officials noted in the appeals decisions that plaintiff had ten occurrences of indecent exposure from September 2009 to February 2012 and the measures taken by prison officials lasted for 90 days from the last incident of indecent exposure.  First Amended Complaint at 16-25.  The measures were not a punishment or a violation of plaintiff's privacy; rather, the placards were to alert staff and to prevent indecent exposure incidents, and the jumpsuit was to restrict plaintiff's ability to expose himself while outside of his cell.  *Id*.

Moreover, defendants had a legitimate penological interest in the measures taken to restrict plaintiff from exposing himself to other inmates and staff, even if it did indirectly disclose his medical diagnosis.  It also appears that the measures were only in place temporarily in response to specific instances of plaintiff exposing himself.  As plaintiff has not filed an opposition and as allowing further amendment would be futile, this claim is dismissed with prejudice.

**B.     Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different treatment of unlike groups does not support an equal protection claim).  Where state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish an equal

3

1    protection "class of one" claim by demonstrating that the state actor (1) intentionally (2) treated

2    him differently than other similarly situated persons, (3) without a rational basis. *Gerhart v. Lake*

3    *County, Montana*, 637 F.3d 1013, 1022 (9th Cir. 2011) (citing *Village of Willowbrook v. Olech*,

4    528 U.S. 562, 564 (2000) (per curiam)).

5          Plaintiff argues that defendants singled out a specific group of inmates who were accused

6    of indecent exposure rule violations and subjected them to different treatment than inmates not

7    accused of indecent exposure. This fails to state a claim because inmates who are not accused of

8    indecent exposure are not similarly situated to inmates who have been accused of such an offense.

9    Nor are inmates accused of indecent exposure a protected class. This claim is dismissed with

10   prejudice.

11         Plaintiff's class-of-one equal protection claim also fails. Plaintiff contends that defendants

12   implemented a treatment plan which extended his time period subject to the indecent exposure

13   measures, but other inmates being treated for indecent exposure were not subjected to similar

14   extensions. However, plaintiff provides no facts in support of this claim nor any other information

15   to demonstrate that the other inmates were similarly situated and engaged in indecent exposure as

16   frequently as plaintiff. This claim will be dismissed with leave to amend.

17   **C.   Due Process**

18         Interests that are procedurally protected by the Due Process Clause may arise from two

19   sources - the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S.

20   215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty.

21   Changes in conditions so severe as to affect the sentence imposed in an unexpected manner

22   implicate the Due Process Clause itself, whether or not they are authorized by state law. *See*

23   *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A state may not impose such changes without

24   complying with minimum requirements of procedural due process. *See id*. at 484.

25         Deprivations that are authorized by state law and are less severe or more closely related to

26   the expected terms of confinement may also amount to deprivations of a procedurally protected

27   liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison

28   officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the

4

liberty in question is one of "real substance." *See id*. at 477-87.  Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id*. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id*. at 487.

Plaintiff argues that the application of the indecent exposure measures violated his right to due process.  Yet, the measures against plaintiff, including placing placards on his cell and requiring him to wear the jumpsuit while outside, do not amount to an atypical and significant hardship under *Sandin*.  Even assuming there was an atypical and significant hardship, plaintiff has not pled any allegations that he was denied procedural protections when he was found guilty at disciplinary hearings that led to the measures in place against him.[2]  This claim is denied with leave to amend.

**D.  Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).  A prisoner must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect.  *Rhodes*, 408

---

[2] "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and their reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  *Id*. at 563-71.

F.3d at 567-68 n.11; *see Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (prisoner alleged injury by claiming he had to quit his law library job in the face of repeated threats by defendants to transfer him because of his complaints about the administration of the library).

Plaintiff only presented conclusory allegations of retaliation. Plaintiff stated that defendants retaliated against him by instituting the indecent exposure measures due to his filing of grievances. Plaintiff does not identify what grievances he filed nor does he describe how the indecent exposure measures were caused by his protected conduct and not by his incidents of indecent exposure. It also appears that the indecent exposure measures advanced a legitimate correctional goal because they were instituted due to plaintiff's behavior and out of concern for staff and other inmates. This claim is dismissed with leave to amend.[3]

## IV.     CONCLUSION

The motion to dismiss (Docket No. 60) is **GRANTED**, and the amended complaint is dismissed with leave to amend with respect to the equal protection, due process and retaliation claims. Because plaintiff has not filed an opposition, the second amended complaint must be filed within **fourteen (14) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page, or plaintiff must indicate that he wishes to proceed with this action. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original or first amended complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: December 2, 2014

JAMES DONATO
United States District Judge

---

[3] As none of plaintiff's allegations state a claim, the Court will not address defendants' immunity arguments. Should plaintiff file a second amended complaint those arguments may be reasserted.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL DANWELL ORTIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>GREG LEWIS, et al.,<br><br>    Defendants. | Case No.  12-cv-02602-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 12/2/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jamal Danwell Ortiz
K-94544
P O Box 8800
Corcoran, CA 93212

Dated: 12/2/2014

Richard W. Wieking
Clerk, United States District Court

By: *Lisa R. Clark* _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO